## D. M. WHITE V. THE STATE.

No. 11419.   Delivered March 14, 1928.

### 1.—Rape—Evidence—Under Plural Counts—Properly Admitted.

Where an indictment for rape contained three counts, the first that prosecutrix was so mentally diseased as to have no will to oppose; the second, rape by force and threats, and the third, rape by force without her consent, testimony showing the mentally diseased condition of prosecutrix, was admissible, under the circumstances in this case, on the issue of rape by force and without consent. See Segrest v. State, 57 S. W. 845; Baldwin v. State, 15 Tex. Crim. App. 275.

### 2.—Same—Evidence—Competency of Prosecutrix—As Witness.

Where the first count of an indictment charged that prosecutrix was so mentally diseased at the time of said carnal knowledge as to have no will to oppose the act, under this count prosecutrix would not be a competent witness. The state having elected to try under the third count, which charged rape by force and without consent, her sanity and competency as a witness was vouched for by the state. With this presumption of sanity obtaining, she was properly permitted to testify to the immediate facts surrounding the alleged criminal act. See Thompson v. State, 33 Tex. Crim. Rep. 472.

### 3.—Same—Charge of Court—On Force in Rape—Held Correct.

Where, on a trial for rape by force and without consent, the court properly charged the jury: "The force used must have been such as might reasonably be supposed sufficient to overcome all resistance within her power, taking into consideration the relative strength of the parties and other circumstances in the case." See Branch's P. C., p. 998; Mooney v. State, 29 Tex. Crim. App. 257.

**4.—Same—Evidence of Force—Held Insufficient.**

Where, on a trial for rape by force and without consent, the prosecutrix testified as to the act of intercourse as follows: "I just laid down, and he got on top of me. I didn't make any outcry, or attempt to get out from under him. I could have got out from under him if I had wanted to," under the laws of this state such testimony does not sustain the conviction.

Appeal from the District Court of Taylor County. Tried below before the Hon. M. S. Long, Judge of the Forty-second Judicial District, sitting in exchange of benches with the Hon. W. R. Chapman, Judge of the One Hundred and Fourth Judicial District.

Appeal from a conviction for rape, penalty fifteen years in the penitentiary.

The opinion states the case.

*Kirby, King & Overshiner* of Abilene, for appellant. On competency of prosecutrix as witness appellant cites: Lee v. State, 43 Crim. Rep. 285. On force necessary to be proven appellant cites: Gazley v. State, 17 Tex. Crim. App. 267; Montresser v. State, 10 Tex. Crim. App. 281; Goss v. State, 40 Tex. Crim. Rep. 520; Thompson v. State, 26 S. W. 987; Davis v. State, 272 S. W. 480, and Price v. State, 36 Tex. Crim. Rep. 143.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—The first count of the indictment charges appellant with the rape of Jewel Spain, "she being then and there so mentally diseased at the time of said carnal knowledge as to have no will to oppose said act of carnal knowledge, and the said D. M. White then and there knowing her to be so mentally diseased." The second count charges rape by force and threats, and the third count charges rape by force without her consent. The first two counts of the indictment were dismissed and the case was submitted on the third count.

The verdict of the jury found appellant guilty under the third count and assessed his punishment at fifteen years' confinement in the penitentiary.

Complaint is made of the introduction of testimony showing the mentally diseased condition of prosecutrix. This was admissible under the circumstances of this case on the issue of rape by force and without consent. Segrest v. State, 57 S. W. 845; Baldwin v. State, 15 Tex. Crim. App. 275.

Prosecutrix was introduced as a witness by the state. If the case had been submitted under the first count of the indict-

ment and under the evidence as produced by the state, she would have been incompetent as a witness against appellant. Lee v. State, 43 Tex. Crim. Rep. 285; Thompson v. State, 33 Tex. Crim. Rep. 472; Cokeley v. State, 87 Tex. Crim. Rep. 256. Such count, however, was dropped and the trial being upon the count charging rape by force, her sanity was vouched for by the state.

Quoting: "Is she a competent witness? The state said so. When the prosecution introduced her as a witness it said to the jury in effect that the witness was then sane and was sane at the time when the evidence happened of which she was called upon to testify." Thompson v. State, 33 Tex. Crim. Rep. 472.

With this presumption of sanity obtaining she testified to the immediate facts surrounding the alleged criminal act as follows:

### DIRECT EXAMINATION.

· "You know what happened back there. He threw me down. He taken hold of me. He put his hands on me. He put his hands right here (indicating). Then he laid me down. I hollered. The defendant did that, you know what. I know what a man's private parts are, what his male organs are. I know what my private parts are. He put his private parts into my private parts. It pained me, hurt me. I tried to keep him from doing it that night. I can't holler very loud. I can't holler any louder than that (indicating). * * * I did not tell him that night that he could do that to me. I tried to get away from him. He wouldn't let me. He had hold of me on my arm. I tried to get away from him and I couldn't."

### CROSS-EXAMINATION.

"All the time he was doing this I was doing nothing. I didn't resist, I screamed. * * * When he pulled me in behind this lumber yard I never done nothing, never said anything. I didn't resist, I just went in there. I know for sure whether this defendant's male organ entered my female organ; it didn't. If it had entered it, I would have been aware of the fact."

### RE-DIRECT EXAMINATION.

"I have understood all that he has been asking me about. The defendant that night put his male organ into my female organ. I didn't ask him to do that. I didn't refuse to let him do that. When he started behind this lumber yard with me, I did not go willingly; he had hold of me; he never turned me loose. I told him I wanted to go home. I says, 'Mr. White,

let's go home.' He says, 'No, stay here.' He took me to the alley behind the lumber yard and laid me down on the ground."

RECROSS EXAMINATION.

"After he took me back there I told him I didn't want to do that and that is all there was to it. He didn't wrestle with me; he just got on me; I just laid down and he got on top of me. I didn't make any outcry or attempt to get out from under him. I could have got out from under him if I had wanted to."

The court charged the jury in part as follows:

"The force used must have been such as might reasonably be supposed sufficient to overcome all resistance within her power, taking into consideration the relative strength of the parties and other circumstances in the case."

Mr. Branch lays down the rule as to the force necessary in rape cases in the following language:

"Threats apart, every exertion in the power of the woman, under the circumstances, must be made to prevent the penetration of her person, or consent will be presumed." Branch's P. C., p. 998. Mooney v. State, 29 Tex. Crim. App. 257.

The definition of force given by the court in his charge and quoted above seems to have correctly stated the rule. Measured by this, is the testimony sufficient to sustain a conviction under the third count of the indictment? Her final testimony, after being twice examined by the state, answers the question: "I just laid down and he got on top of me. I didn't make any outcry or attempt to get out from under him. I could have got out from under him if I had wanted to."

Under her evidence and the plain terms of the law we have no alternative except to reverse and remand this case upon the insufficiency of the evidence to sustain the third count of the indictment, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.