STATE, Respondent, v. LEONARD, Appellant.

(244 N. W. 88.)

(File No. 7002.   Opinion filed August 30, 1932.)

*Fellows, Fellows & Whiting,* of Mitchell, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Herman L. Bode,* Assistant Attorney General, for the State.

CAMPBELL, P. J.   Defendant was charged with having had sexual intercourse with a girl who was a few months under the age of eighteen years and who was claimed to be mentally incapable of legal consent.   The information was in two counts, one charging rape in the first degree (subdivision 2, § 4092, R. C. 1919; section 4095, R. C. 1919) by intercourse with a female incapable of giving legal consent by reason of unsoundness of mind, and one charging rape in the second degree (subdivision 1, § 4092, R. C. 1919; § 4096, R. C. 1919) by intercourse with a female under the age of eighteen years.   The jury returned a verdict finding the defendant guilty of rape in the first degree, and from judgment thereon and denial of his application for new trial he has appealed.

The female in question testified as a witness in behalf of the state.   Appellant in substance admits that she was mentally deficient to such a degree as to render her incapable of legal consent to intercourse, but urges that such mental deficiency likewise rendered her incompetent as a witness.

It seems to be generally conceded (with the possible exception of Texas, as indicated by White v. State, 109 Tex. Cr. R. 266, 4 S. W. (2d) 37), that a degree of mental unsoundness which renders a female incapable of legally consenting to sexual intercourse does not necessarily render her incompetent as a witness.   See case note 26 A. L. R. 1491 at page 1502.   So far as concerns testimonial competency, the same general principles apply to mental derangement or deficiency as to mental immaturity.   The broad general principle is that a witness should have sufficient mental capacity to observe, recollect, and communicate, and some sense of moral responsibility; that is, as phrased by Professor Wigmore, some realization of "the duty to make the narration correspond to the recollection and knowledge."   The competency of a mentally immature or deranged witness presents questions very closely related to those involved with the matter of credibility of a witness.   Many recognized authorities upon the law of evidence deem it doubtful policy entirely to exclude any such witnesses. "The tendency of modern times is to abandon all attempts to distinguish between incapacity which affects only the degree of credibility and incapacity which excludes the witness entirely.   The whole question is one of degree only, and the attempt to measure degrees and to define that point at which total incredibility ceases

and credibilty begins is an attempt to discover the intangible. The subject is not one which deserves to be brought within the realm of legal principle, and it is profitless to pretend to make it so. Here is a person on the stand; perhaps he is a total imbecile, in manner, but perhaps, also, there will be a gleam of sense here and there in his story. The jury had better be given the opportunity of disregarding the evident nonsense and of accepting such sense as may appear. There is usually abundant evidence ready at hand to discredit him when he is truly an imbecile or suffers under a dangerous delusion. It is simpler and safer to let the jury perform the process of measuring the impeached testimony and of sifting out whatever traces of truth may seem to be contained in it. The step was long ago advocated by the English commission of judges, in their proposals of reform, and has been approved by two such distinguished writers on the law of Evidence as Mr. Best and Mr. Justice Taylor." Wigmore on Evidence (2d Ed.) § 501. The tendency of the later decisions seems to be more liberal than the earlier cases and to leave the matter to a considerable extent to the discretion of the trial judge. In two cases where incompetence of an infant witness has been urged before this court, while some general statements were made as to competency, the result in each case was to sustain the action of the trial court in permitting the witness to testify, and in both cases this court refused to interfere with the trial judge's discretion. State v. Reddington (1895) 7 S. D. 368, 64 N. W. 170, 173; State v. Southmayd (1916) 37 S. D. 375, 158 N. W. 404. In the present case there were undoubtedly many discrepancies in the testimony of the witness, and it was quite apparent from her testimony that her mental age was appreciably less than her physical age. These matters clearly appeared to the jury, however, and we think it could safely be left to the jurors fairly and properly to estimate the value of the testimony and the credibility of the witness. Under all the circumstances of this case, we think, in the language of the Reddington Case, supra, that "we could not justify ourselves in holding that the trial court misused its discretion in accepting this [girl] as a witness, and allowing [her] testimony to go to the jury."

Appellant challenges the sufficiency of the evidence to support the verdict. To recite the evidence in detail would serve no useful purpose. It is enough to say that there was sufficient properly

admissible evidence introduced by the state, if believed by the jury, to warrant the verdict returned.

Appellant assigns one error in connection with the giving of instructions and several errors with reference to the admission and rejection of testimony. We have carefully reviewed each ruling complained of and are satisfied upon the entire record that none of them could have been prejudicial even if erroneous. It is therefore unnecessary to discuss them here in detail or to endeavor to determine as to each ruling whether error may have existed.

Inasmuch as an examination of all the assignments fails to reveal any prejudicial error, the judgment and order appealed from must be affirmed.

WARREN and RUDOLPH, JJ., concur.

POLLEY, J., absent and not participating.

ROBERTS, J., disqualified.