STATE of South Dakota, Plaintiff
and Respondent,

v.

Keith L. MASTELLER, Defendant
and Appellant.

No. 12355.

Supreme Court of South Dakota.

Dec. 28, 1978.

---

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on the brief.

Keith L. Masteller, pro se.

PER CURIAM.

This is an appeal from a conviction in the Sixth Judicial Circuit of driving while intoxicated. Defendant Keith L. Masteller was found guilty by a jury on August 15, 1977, and judgment was entered accordingly. We affirm.

During the early morning hours of June 5, 1977, defendant and his son-in-law, Darwin Dowling, were parked side by side facing the same direction on a gravel road in Jones County and were carrying on a conversation. Officer Bawdon, a Reliance policeman, had just gone off duty and as he was driving home approached the two vehicles from the rear. Because the vehicles were blocking the road, Bawdon honked his horn and Dowling drove his vehicle down the road at a high rate of speed for approximately three-tenths of a mile at which point the vehicle plunged into the ditch. Dowling appeared to be drunk and Bawdon placed him under arrest for driving while intoxicated.

Bawdon then observed defendant drive his vehicle to the point where the Dowling vehicle had gone into the ditch and stop in the middle of the road. Defendant got out of the driver's side of his vehicle and inquired as to what was happening. Upon finding out that his son-in-law had been arrested, he began arguing with Bawdon. Defendant was staggering and had the odor of alcohol on his breath. At some point, officer Jung, a Murdo policeman, responded to a state radio transmission and joined Bawdon at the scene of the arrest. Jung testified that defendant appeared to be "pretty drunk" and had a strong odor of alcohol on his breath. Jung found three open bottles of beer and twenty full bottles of beer in defendant's vehicle. At approximately 1:20 a. m., defendant was placed under arrest for driving while intoxicated. As the implied consent warning was about to be read to defendant, he became irrate and started arguing in a very belligerent manner. At that point, Jung told defendant that if he could not settle down, he would have to be restrained. Defendant replied that they were going to have to restrain him, so defendant was handcuffed and placed in a patrol car. Defendant was then informed of his rights and given the implied consent warning.

Both defendant and Dowling were turned over to the Jones County Sheriff after defendant's arrest. A sample of defendant's blood was taken at the county jail at 2:20 a. m. for purposes of a chemical blood test. The state chemistry lab analyzed the sample and it proved to be eighteen hundredths (.18) percent alcohol by weight. The sample was again analyzed during the week that the trial was held and the result was the same.

Based upon the facts discussed above, the jury found defendant guilty of driving while intoxicated. The trial court entered judgment accordingly. The primary issue on this appeal is the sufficiency of the evidence to justify the verdict rendered. In reviewing a conviction on appeal, we must accept "that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict. (citations omitted)" *State v. Best,* 1975, S.D., 232 N.W.2d 447, 457. The basic

question presented is "whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilty beyond a reasonable doubt." State v. Shank, 1975, 88 S.D. 645, 650, 226 N.W.2d 384, 387. It is not our function to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. Such functions are within the province of the jury. State v. Minkel, 1975, S.D., 230 N.W.2d 233.

██ Applying the principles stated above, we have reviewed the evidence found in the settled record and we hold that there is sufficient evidence to sustain a finding of guilty beyond a reasonable doubt. The jury properly passed upon the credibility of the witnesses, weighed the evidence, and resolved conflicts in the evidence in finding that defendant was guilty of the offense of driving a motor vehicle while under the influence of an alcoholic beverage.

On the basis of our holding, we deem the remaining contentions of defendant to be without merit. Accordingly, the judgment of the trial court is affirmed.