**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Evelyn BRUSKE, Defendant and Appellant.**

**No. 12519.**

Supreme Court of South Dakota.

Submitted on Briefs Sept. 19, 1979.

Decided Feb. 13, 1980.

James E. McMahon, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Patrick J. Kirby of Kirby & Kiner, Mitchell, for defendant and appellant.

HENDERSON, Justice.

### ACTION

Appellant Evelyn Bruske was convicted by a Davison County jury on May 5, 1978, of three counts of obtaining money under false pretenses. We affirm.

### FACTS

Appellant was allocated food stamps to supplement her food buying power and received financial assistance through the Aid to Dependent Children's Program. Prior to July of 1975, both of these programs used the same caseworkers to work with recipients. Mr. Warren Bush was appellant's caseworker during this time.

On June 13, 1975, appellant was furnished with a form explaining her responsibilities under the program. Mr. Bush reviewed the form with her and also orally explained the responsibilities imposed upon her. In addition, appellant was required to complete a form to determine the extent of her eligibility which included a responsibility to divulge all of her income. Mr. Bush specifically advised appellant of this duty.

In order to meet eligibility requirements, appellant reported that she had a gross income of "$125 to $130 once a month" and signed a statement that the information

contained in the form was true. She was required to verify her earnings as indicated on the form by attaching pay stubs from her monthly checks. Appellant furnished Mr. Bush with pay stubs reflecting her earnings at the Stevens Best Western Motel at Mitchell, South Dakota. However, the pay stubs represented only one out of the two to three paychecks she received per month at the Stevens Motel.

The caseworker situation changed; in July of 1975, Mr. Bill Van Duzer became appellant's ADC caseworker and Ms. Judy Toelle was assigned as her food stamp caseworker. In December of 1975, Mr. Van Duzer again explained to appellant her reporting responsibilities. Again she signed a form indicating she was furnishing true information. Although appellant did not list her amount of earnings on the form at that time, she indicated that she was still receiving one monthly payment. Further, appellant continued submitting one pay stub per month, reflecting only her partial monthly earnings.

Ms. Toelle became aware of this income reporting disparity and informed Mr. Van Duzer that appellant might not be reporting all her income. At the request of Mr. Van Duzer, the Stevens Motel furnished him with appellant's payroll records. On May 6, 1976, Mr. Van Duzer invited appellant to visit him in his office about her income reporting, whereupon she admitted that she had not reported all of her income. The Division of Social Welfare had determined appellant's eligibility for food stamps based upon the income as reflected by the payroll stubs and appellant's statements that the payroll stubs represented all her income. Once authorities established that she had been purchasing food stamps based on an apportionment that she was not entitled to, criminal prosecution followed. Appellant contends that errors of reversible and constitutional dimension occurred during trial.

## ISSUES

### I.

Did the trial court abuse its discretion in refusing the testimony of an alleged in-

competent witness, thereby violating appellant's constitutional right of compulsory process to obtain witnesses? We hold that it did not.

### II.

Did the trial court err in admitting the caseworker's testimony regarding admissions made to him by appellant, thereby violating appellant's constitutional rights against self-incrimination? We hold that the court did not err.

## DECISION

### I.

During the trial, appellant subpoenaed a witness and called her to the stand. The witness was on medication and appeared doubtful and reticent about her testimony. When asked if she thought she could testify, she replied, "No." When asked if testifying would be injurious to her she replied, "I don't remember." At one point during defense counsel's questioning, the witness broke down. The State's objection to her testimony was sustained. Thereupon, a conference ensued in chambers where appellant made an offer of proof which was denied by the trial court. The offer of proof attempted to establish that this witness, a co-worker at the Stevens Motel, was also receiving food stamps and had told appellant that she only needed to report one-half of her income.

We hold that the trial court did not abuse its discretion in determining that the witness was not competent to testify. A witness must be able to communicate, and the record amply demonstrates that this witness could not. The broad general principle announced by this court in *State v. Leonard*, 60 S.D. 144, 244 N.W. 88 (1932), is that a witness should have sufficient mental capacity to observe, recollect, communicate, and should have some sense of moral responsibility. The determination of a witness' competency to testify is within the discretionary power of the trial judge and

his decision can only be reversed upon a showing of abuse of discretion. *Finch v. Christensen,* 84 S.D. 420, 172 N.W.2d 571 (1969).

Appellant's argument that her Sixth Amendment rights were violated under the United States Constitution and in a corresponding section of the South Dakota Constitution at Article VI, § 7, guaranteeing one accused of a crime to call witnesses on his or her own behalf, also fails. Appellant was permitted to subpoena, swear in, and examine her witness. It became apparent to the trial judge, as he viewed the witness' demeanor and heard the answers, that the witness was not competent to testify. In fact, the witness testified that she did not feel she could answer any questions.

## II.

On May 6, 1976, appellant admitted to Mr. Van Duzer that she had not reported all of her income. Mr. Van Duzer was investigating her reported earnings at this time. Appellant maintains that the trial court erred in permitting, over objection, Mr. Van Duzer's testimony regarding this admission. She maintains that the admission was in violation of her rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The record reflects that appellant had been called into Mr. Van Duzer's office to discuss her payroll records at the Stevens Motel. There is no testimony in the record that suggests appellant was in custody, under any type of restraint, or in a coercive environment. She was free to leave Mr. Van Duzer's office at any time. The proper test in determining whether a person need be given the *Miranda* warning is not whether the investigation has focused on any particular suspect, but rather, whether the person being questioned is in custody or deprived of his or her freedom to leave. *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). *In Matter of V. R.,* 267 N.W.2d 832 (S.D.1978). Thus, the State has no burden to show a knowing, intelligent and voluntary waiver of appellant's right to counsel or privilege against self-incrimination. Appellant further contends that a letter dated April 4, 1977, sent by the Attorney General's Office to Mr. Van Duzer concerning a possible fraud on the part of appellant, taints any admissions by appellant. Mr. Van Duzer heard appellant's admission on May 6, 1976. This argument is not persuasive, for on May 6, 1976, Mr. Van Duzer was simply acting as a state employee, not a law enforcement officer. Furthermore, appellant was not being subjected to custodial interrogation. Appellant has not demonstrated that her constitutional rights were violated.

The judgment and sentence are affirmed.

All Justices concur.