STATE of South Dakota, Plaintiff and Appellee,

v.

Richard Duane PHIPPS, Defendant and Appellant.

No. 13339.

Supreme Court of South Dakota.

Argued Oct. 27, 1981.

Decided April 14, 1982.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

John S. Theeler and Chip J. Lowe of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and appellant.

DAVIS, Circuit Judge.

Defendant was found guilty by a jury of two counts of sexual contact with a minor under the age of fifteen. SDCL 22–22–7. He was sentenced on each count for a period of fifteen years in the State Penitentiary, said terms to run consecutively. Defendant appeals from the judgment of conviction and sentence.

Defendant moved from Wisconsin to South Dakota in April of 1980. He lived with his sister, Delores Wilson, and her three children near Ethan, South Dakota. Sometime after arriving in South Dakota, defendant returned to Wisconsin for a two-week visit. While there, a friend, Richard Brown, asked defendant if he could come back to South Dakota with him. Defendant agreed, and Mr. Brown moved into the same house with defendant, his sister, and her minor children. The living arrangements apparently deteriorated sometime in the autumn of 1980. In early October, defendant forced Brown to move out of the house. Brown subsequently went to the Davison County Sheriff's Department and reported that defendant had engaged in sexual relations with Delores Wilson's eight-year-old son. Mr. Brown informed the deputy that he was not personally aware of the activities, but had been informed of them by the child. Deputy Caviness interviewed the child, and then turned the case over to Deputy Douglas Kirkus. At this same time, the children were re-moved from the Wilson home by the Department of Social Services.

Deputy Kirkus interviewed defendant on four occasions. Defendant was first interviewed on the evening of October 3, and again on October 4. He was questioned twice on October 5, once in Sioux Falls and once in Mitchell. During the October 3 interview defendant denied committing any crime. Deputy Kirkus requested that defendant take a polygraph examination in Sioux Falls. Defendant consented. The polygraph examination was given on October 5 at Sioux Falls. During the examination, defendant denied the allegations. He was subsequently informed by Mr. Pentico, the polygraph examiner, that he had failed certain questions. Defendant subsequently admitted to Deputy Kirkus that he had committed the crime. The officer and defendant then returned to Mitchell, South Dakota, where defendant gave a statement that was tape-recorded and then transcribed by the officer and signed by defendant.

At trial, the State presented the testimony of the child after a pre-trial hearing to determine whether or not the boy was competent to give testimony. The State also introduced defendant's signed statement. Defendant took the stand in his own defense and denied any sexual contact with the minor. He further testified that the reason he admitted to the crime was because of his fears that the children would not otherwise be returned to their mother. The jury concluded that defendant was guilty on both counts.

Defendant has made several allegations of error. He first alleges that the trial court abused its discretion in admitting the testimony of the eight-year-old victim. We do not agree.

"There is no arbitrary age which prohibits a child from testifying." *State v. Lutheran*, 76 S.D. 561, 564, 82 N.W.2d 507, 509 (1957). In order to be a competent witness, a child must have "sufficient mental capacity to observe, recollect, and communicate, and some sense of moral responsibility . . . ." *State v. Leonard*, 60 S.D. 144,

145, 244 N.W. 88–89 (1932). The determination of the witness' competency is within the discretionary power of the trial judge and may be reversed only upon a showing of abuse of discretion. *Moser v. Moser,* 82 S.D. 149, 143 N.W.2d 369 (1966). The testimony indicates that the child did not know the meaning of the word "oath." As pointed out in *State v. Lutheran,* supra, however, the inability to understand the terminology "oath" does not indicate a capacity or lack of capacity on the part of a witness to testify. Defendant similarly argues that the testimony shows that the victim did not attend church, nor did he say prayers. One's religious belief or lack thereof is not the criterion upon which testimonial capacity is based. The question is whether or not the individual has the ability to observe, recollect, and communicate and some sense of moral responsibility. That moral responsibility was reflected in the testimony by the child that it was bad to lie, and that if told to tell the truth by the judge, he must do so. We hold, therefore, that the trial court did not abuse its discretion in determining that the eight-year-old witness was competent to testify.

Defendant's second contention is that the trial court erred in admitting his written confession. Defense counsel moved to have defendant's written statement excluded on the grounds that it had been obtained as a result of duress, surreptitious activity, and misrepresentation as to the lie detector test. The trial court denied the motion.

■■■ In determining whether a voluntary waiver on the part of a defendant has occurred, the totality of the circumstances surrounding the interrogation should be inquired into. *Fare v. Michael C.,* 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). The decision as to voluntariness must be made in the first instance by the trial court, *State v. Cowell,* 288 N.W.2d 322 (S.D.1980); *State v. Stumes,* 90 S.D. 382, 241 N.W.2d 587 (1976); *State v. Adkins,* 88 S.D. 571, 225 N.W.2d 598 (1975). Once the trial court has made a finding as to voluntariness, that finding is binding on this court unless it is clearly

erroneous. *State v. DuBois,* 286 N.W.2d 801 (S.D.1979); *State v. Lyons,* 269 N.W.2d 124 (S.D.1978); *State v. Lewis,* 90 S.D. 615, 244 N.W.2d 307 (1976); *State v. Thundershield,* 83 S.D. 414, 160 N.W.2d 408 (1968). Defendant was questioned on four occasions. On each occasion he was given his *Miranda* warnings. Prior to making the statement, defendant had submitted to a polygraph examination. Informed that he had failed the test, defendant made a statement to the officer. In *State v. Faller,* 88 S.D. 685, 227 N.W.2d 433 (1975), this court held that a failure to give *Miranda* warnings before and in connection with a lie detector examination made the subsequent confession involuntary. In the present case, defendant was given his *Miranda* warnings prior to each conversation with police officials. The fact that he submitted to a polygraph examination does not in and of itself nullify the voluntariness of that confession. In reviewing the record before us, we do not find that the trial court was clearly erroneous in concluding that the statement was voluntarily given.

■■■ Defendant's third argument is that he was denied a fair trial and the effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution.[1] Generally, this court has considered the issue of inadequacy of counsel only on appeal from post-conviction hearings, but where the defense at trial was so ineffective and counsel's representation so casual that the trial record evidences a manifest usurpation of appellant's constitutional rights, the claim of ineffective assistance of counsel will be reviewed on direct appeal. *State v. McBride,* 296 N.W.2d 551 (S.D.1980). Upon reviewing the trial record, we do not find a manifestation that the representation given defendant was so ineffective or casual as to show manifest usurpation of his constitutional rights. Much of the argument raised by counsel finds no support in the record before us and thus cannot be adequately reviewed in this proceeding. Our decision on this issue does not

---

1. We note that present counsel for defendant did not represent him at trial.

deny defendant his right to raise the issue of ineffective assistance of counsel in a post-conviction proceeding.

Defendant also alleges that the evidence presented at trial was insufficient to support the jury's finding of guilt beyond a reasonable doubt. In reviewing a conviction on appeal, this court accepts that evidence and the most favorable inference that can be fairly drawn therefrom which will support the verdict. *State v. Masteller*, 272 N.W.2d 833 (S.D.1978); *State v. Means*, 268 N.W.2d 802 (S.D.1978); *State v. Best*, 89 S.D. 227, 232 N.W.2d 447 (1975). The basic question is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Masteller*, supra; *State v. Shank*, 88 S.D. 645, 226 N.W.2d 384 (1975). With these principles in mind, we have reviewed the evidence set forth in the settled record and hold that there is sufficient evidence to sustain a finding of guilt beyond a reasonable doubt. The jury necessarily determined the credibility of the witnesses and resolved the conflict between defendant's testimony at trial and the evidence presented by the State. We perceive no grounds upon which the finding should be disturbed.

Finally, defendant argues that the sentences imposed upon him were an abuse of discretion and constitute cruel and unusual punishment in that the sentences were to be served consecutively. Each sentence constituted the then maximum penalty of imprisonment for the commission of sexual contact with a minor under fifteen. SDCL 22–22–7; SDCL 22–6–1(4).[2] Defendant had a prior felony conviction for the same type of crime.

This Court has stated that a sentence within statutory limits is not reviewable on appeal. We have also stated, however, that a sentence may be constitutionally offensive if its duration is so excessive as to shock the conscience.

*State v. Curtis*, 298 N.W.2d 807, 811 (S.D. 1980) (citations omitted). Although this court has long stated that the test is one of whether or not the sentence shocks the conscience, there appears from the court's prior decisions a dual basis upon which to apply the test. Initially, the test set forth in *State v. Becker*, 3 S.D. 29, 40, 51 N.W. 1018, 1022 (1892), provided that: "[T]he courts can reasonably interfere only when the punishment is so excessive or so cruel as to meet the disapproval and condemnation of the conscience and reason of men generally." In *State v. Bad Heart Bull*, 257 N.W.2d 715, 720 (S.D.1977), the court restated the test in the following words:

Although punishment by imprisonment is not per se cruel and unusual it may be constitutionally offensive when the duration of the sentence prescribed is so excessive or disproportionate to the crime committed as to shock "the conscience and reason of men generally" (citation omitted).

More recently, the court has stated the test in terms of whether the sentence would shock the conscience of the court. *State v. Antelope*, 304 N.W.2d 115 (S.D.1981); *State v. Curtis*, supra; *State v. Helm*, 287 N.W.2d 497 (S.D.1980).

Public intent is reflected in the legislative acts defining the permissible punishment for specific crimes. Where a court is asked to review a punishment within those limits, the question in reality is whether the trial judge abused his judicial discretion. *State v. Antelope*, supra; *State v. Curtis*, supra; *State v. Helm*, supra. As such, the standard of "shocking the conscience" is more appropriately addressed to the collective conscience of the court in that such conscience should more accurately reflect the broad beliefs of society in general and the historical precepts underpinning the Eighth Amendment to the Constitution

2. We note that in 1981 the classification of this offense was reduced from a Class 3 to a Class 5 felony (1981 S.D.Sess.Laws ch. 176) with a maximum penalty of five years. SDCL 22–6–1(7). The legislature has again reclassified this offense from a Class 5 to a Class 4 felony (1982 S.D.Sess.Laws ch. 176) with the result that as of July 1, 1982, the maximum penalty will be ten years. SDCL 22–6–1(6).

than to reflect current popular opinion toward a particular defendant and crime. Under this test, we find that defendant's sentence was not cruel and unusual.

The judgment of conviction and sentence are affirmed.

All the Justices concur.

DAVIS, Circuit Judge, sitting for MORGAN, J., disqualified.