Jimmy Dean JIBBEN, Petitioner
and Appellant,

v.

STATE of South Dakota, Appellee.

No. 13859.

Supreme Court of South Dakota.

Considered on Briefs Dec. 16, 1982.

Decided Feb. 1, 1984.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for petitioner and appellant.

Mark Smith, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

Petitioner, Jimmy Dean Jibben, was convicted of incest and sentenced to eight years in the penitentiary. Because of the nature of the issues that he raises, petitioner dismissed his direct appeal and instituted this post-conviction proceeding.[1] *See State v. McBride*, 296 N.W.2d 551 (S.D. 1980). We affirm.

Petitioner argues that he was denied a trial by an impartial jury because one of the jurors lied during voir dire by testifying that she did not know him. Petitioner claimed that they had met briefly on three occasions. He did not produce the juror at the post-conviction hearing or offer any evidence other than his own testimony to support his contention that the juror lied.

■ The trial judge found that petitioner made no showing that he was prejudiced by the selection of this juror. We agree. Petitioner had an opportunity to remove the juror by peremptory challenge; instead, he waived his remaining peremptory challenges at the time the juror was seated. If petitioner was at all prejudiced, it was at his own hand.

■ Petitioner also argues that he was denied effective assistance of counsel. In a criminal prosecution, every defendant has a constitutional right to counsel. *Miller v. State*, 338 N.W.2d 673 (S.D.1983). An attorney is presumed competent; the party alleging incompetency has a heavy burden of establishing ineffective assistance of counsel. *Grooms v. State*, 320 N.W.2d 149 (S.D.1982). A petitioner attempting to show ineffective counsel must also demonstrate that he was prejudiced by the alleged ineffective assistance. *State v.*

*Pieschke*, 262 N.W.2d 40 (S.D.1978). Here, petitioner's claim of ineffective counsel is based on the fact that his trial attorney did not cross-examine his daughter, the complaining witness, at the preliminary hearing.

■ It is not this court's function to second-guess the tactical decisions of the trial attorney. We will not substitute our own theoretical judgment for that of the defense counsel who had dealt with petitioner in an attorney-client relationship. *Grooms v. State, supra.* This is especially true of defense tactics concerning the testimony of a complaining witness to a sex offense. In *Crowe v. State*, 86 S.D. 264, 194 N.W.2d 234 (1972), for example, we resisted any attempt to equate defense counsel's waiver of preliminary hearing on his client's rape charge with ineffective assistance of counsel:

... There could be a number of valid reasons why experienced defense counsel might wish to waive a preliminary hearing. Experienced defense attorneys and prosecutors know that when the state's witnesses are clear and convincing in their testimony the state's hand can be strengthened by the dress rehearsal for trial that is afforded by a preliminary hearing. In rape cases a victim's resolve may well be strengthened once she has gone through the ordeal of cross-examination at the preliminary hearing. A properly conducted preliminary hearing can preserve testimony for trial.

*Id.* at 274, 194 N.W.2d at 239. The Illinois decision of *People v. Meeks*, 27 Ill.App.3d 144, 326 N.E.2d 413 (1975), held similarly that a defendant accused of rape, battery, and deviate sexual assault was not denied effective assistance of counsel when his attorney abstained from cross-examining the complaining witness at the preliminary hearing.

Because of her age and the nature of the offense, petitioner's daughter was likely to

1. SDCL ch. 23A–34, providing for post-conviction proceedings, was repealed by 1983 S.D. Sess.L. ch. 169, § 15.

win sympathy as a complaining witness. A "dress rehearsal" cross-examination at the preliminary hearing may have unnecessarily seasoned her against impeachment at trial, especially since she had recently testified at petitioner's incest trial in Kansas. Petitioner's attorney obtained transcripts of this testimony prior to the preliminary hearing.

 We perceive no breach of duty in the decision not to cross-examine this witness at the preliminary hearing. We consider it a matter of trial tactics. Even if there had been a breach, petitioner has not indicated how the defense was prejudiced. Defense counsel did cross-examine the complaining witness at the jury trial when impeachment was most necessary.

■ Petitioner also contends that he was denied effective assistance of counsel when his trial attorney did not object to the hearsay of a state witness. The opportunity for objection arose when a hospital administrator testified to the contents of the biweekly time schedule of the director of nurses, which schedule was not in evidence. Defendant alleges his defense was prejudiced because the schedule contradicted the testimony of an alibi witness and could therefore have been instrumental in securing the conviction. The schedule indicated that the alibi witness had called in ill on a day she claimed to have been at work in the hospital.

The hospital administrator testified that the time schedule was completed by the director of nurses every two weeks for all employees on the nursing floor. It listed the days each employee was to work and indicated whenever an employee did not come in, as well as the reason for the absence. This schedule was used with employee time sheets to figure payroll. Had the time schedule of the director of nurses been offered into evidence, the testimony of the hospital administrator would have been sufficient to establish its admissibility under the business records exception to the hearsay rule, SDCL 19–16–10.[2] Thus, an objection on the basis of hearsay would have been properly overruled. Although petitioner has a technical evidentiary point, his defense was not prejudiced by counsel's failure to object to such extent that it constitutes reversible error. *State v. Reddington*, 80 S.D. 390, 125 N.W.2d 58 (1964). The defense was consequently not prejudiced by counsel's failure to object to this hearsay. Furthermore, the decision whether to refrain from or to make a particular objection is often to be attributed to trial tactics. *See State v. Pieschke, supra.* Defendant has not overcome the presumption that his trial counsel acted competently.

Affirmed.

---

2. SDCL 19–16–10:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, is not excluded by § 19–16–4, even though the declarant is available as a witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this section includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.