**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Richard TCHIDA, Defendant and Appellant.**

**14185.**

Supreme Court of South Dakota.

Considered on Briefs  Jan. 16, 1984.

Decided April 18, 1984.

Roxanne Giedd, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

David Alan Palmer of Strange, Strange & Palmer, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Richard Tchida was convicted on two counts of grand theft for receiving stolen firearms [1] and two counts of possession of a firearm by one with a prior violent crime conviction.[2] He appeals. We reverse.

In December 1982 two pistols were unlawfully removed from the Schiltz Foods Company in Sisseton, South Dakota. Both firearms were retrieved from a cemetery by the local sheriff's office on January 11, 1983, following an anonymous phone call. Investigation revealed that the pistols had been stolen by two fourteen-year-old boys. The lads arranged with Jonathan and Harlan DuMarce to dispose of the weapons, who together with another adult, Keith DuMarce, allegedly sold the pistols to appellant Tchida. The three DuMarces were given immunity for their testimony which implicated Tchida. Keith DuMarce testified that he told appellant at the time of the sale that the pistols were stolen. That testimony was supported by Harlan DuMarce. The pistols, however, were never found in appellant's possession or linked to him by fingerprints. Appellant claims inadequate assistance of counsel and insufficiency of the evidence. Because we reverse on the first issue, we need not reach the evidence question. We cannot know what quantum of evidence will be received at a new trial.

The State counters that ineffective assistance of counsel may not be raised on direct appeal. In *State v. McBride*, 296 N.W.2d 551 (S.D.1980), we did hold that post-conviction relief is the most appropriate means to present that issue. In *State v. Phipps*, 318 N.W.2d 128 (S.D.1982), however, we identified an exception which allows the issue of incompetent counsel to be raised on direct appeal when the representation was "so casual that the trial record evidences a manifest usurpation of appel-

lant's constitutional rights." *Phipps*, 318 N.W.2d at 131. We reaffirmed that exception in *State v. Iron Shell*, 336 N.W.2d 372 (S.D.1983).

■ Appellant notes sixteen areas in which he claims his trial counsel was incompetent. We examine these contentions from the perspective that an attorney is presumed competent and the party alleging incompetency has a heavy burden of establishing ineffective assistance of counsel. *Jibben v. State*, 343 N.W.2d 788 (S.D.1984); *Grooms v. State*, 320 N.W.2d 149 (S.D. 1982); *State v. McBride*, 296 N.W.2d 551 (S.D.1980); *State v. Pieschke*, 262 N.W.2d 40 (S.D.1978). The test is whether defense counsel exercised "the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances." *United States v. Easter*, 539 F.2d 663, 666 (8th Cir.1976). In making this review it is not our function to second-guess the tactical decisions of the trial attorney. We will not substitute our own theoretical judgment for that of appellant's defense counsel. *Jibben*, 343 N.W.2d 788; *Grooms*, 320 N.W.2d.149.

■ Viewed in this light, most of appellant's contentions fail, since they relate to making, or not making, motions or objections which are generally trial decisions within the discretion of the attorney. Trial counsel's candid preliminary statement that her experience in the practice of law was limited and that it was her feeling that someone who had practiced criminal law for a longer period would be better able to represent appellant did not overcome her presumed competency. Ineffective counsel must be demonstrated by acts or omissions which cause actual prejudice to the defense. *Jibben*, 343 N.W.2d 788; *Pieschke*, 262 N.W.2d 40. Inexperience alone does not mean incompetency.

■ In examining the record, however, we feel that several other aspects of the representation prejudiced Tchida's defense. The record demonstrates that Tchida

---

1. SDCL 22–30A–7 and SDCL 22–30A–17.

2. SDCL 22–14–15.

stands convicted on the uncorroborated testimony of three accomplices. SDCL 23A–22–8 provides:

A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence which tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof.

Defense counsel failed to challenge the conviction on the grounds that it was based on uncorroborated testimony. The motion for directed verdict at the close of the State's case did not zero in on the defect, but rather concentrated on the inadequacy of the accomplice testimony. Proper focus on the corroboration question might very well have meant a different result. We conceive no possible defense strategy which would justify allowing the case to go to the jury in that posture without vigorous objection. Additionally, defense counsel failed to propose any jury instructions on the necessity for corroboration, nor did she object when the prosecution moved to have the three accomplices declared hostile witnesses. The record indicates that each was granted immunity from the first day of investigation and that they evidenced no hostility at the preliminary hearing. Despite the trial court's warning of the consequences of declaring them hostile witnesses, defense counsel persevered in declaring that she had no objection.

Another unexplainable inadequacy was counsel's failure to give timely notice of an alibi defense. The information alleged the receipt of stolen firearms occurred on December 25, 1982. On the back of both informations the prosecuting attorney requested that the defense give timely notice of intention to use an alibi defense pursuant to SDCL 23A–9–1 and 23A–8–4. The defense did not provide notice within the statutory ten days after request but moved for the first time during trial to allow introduction of an alibi defense that appellant was with his relatives on that day and evening. The motion was properly denied.

Due to the untimely notice, Tchida was accordingly deprived of an alibi defense. From the informations, defense counsel had early notice of the date an alibi defense would have to meet. *State v. Reiman*, 284 N.W.2d 860 (S.D.1979).

The scant record available on direct appeal makes it difficult to assess the other alleged deficiencies of counsel. We do, however, deem the inadequacies discussed to be a "manifest usurpation of appellant's constitutional rights," *Phipps*, 318 N.W.2d at 131, and therefore reverse on direct appeal.

■ We reiterate our previously stated preference, however, for a means of review other than direct appeals on the adequacy of counsel issue. Our review is facilitated if a record is available which likely would include the testimony of trial counsel. The post-conviction statutes were repealed by the 1983 legislature. The same legislative session correspondingly amended and augmented the habeas corpus procedures of SDCL ch. 21–27. This is now the preferred procedure.

Reversed.

WOLLMAN, DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (specially concurring).

We must first confront the threshold question. Does this appellant have the right to raise the issue of ineffective assistance of counsel on direct appeal, or must he raise the issue in a habeas corpus proceeding?

As we start down a new fork in the road, by stating that it is preferable to use the habeas corpus vehicle on a journey to determine the effective assistance of counsel, I wish to go on record concerning the journey.

Appellant is entitled, as a matter of constitutional law, to assistance of counsel for his defense. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Assistance of counsel means adequate and effective assistance of counsel. *State v. McBride*, 296 N.W.2d 551 (S.D.1980). This right follows the Sixth Amendment standards under the United States Constitution. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Adequate and effective assistance of counsel in a criminal case, to my way of thinking, means competent counsel. It means an attorney who can competently prepare and try a criminal case. In *McMann*, 397 U.S. at 771, 90 S.Ct. at 1449, a test was set forth by the United States Supreme Court which pierced the generic phrase of adequate and effective assistance of counsel to equate it with whether the lawyer's performance "was within the range of competence demanded of attorneys in criminal cases."

I do not believe that this Court has ever postulated a blanket of prohibition against raising a question of ineffective assistance of counsel upon direct appeal. To the contrary, case law has repeatedly held that the plain error rule precludes the need for habeas corpus relief in exceptional circumstances when an appellant's rights are substantially affected. *State v. Phipps*, 318 N.W.2d 128 (S.D.1982); *State v. Lufkins*, 309 N.W.2d 331 (S.D.1981); *State v. Brammer*, 304 N.W.2d 111 (S.D.1981). Indeed, in *Phipps*, 318 N.W.2d at 131, we stated:

> Generally, this court has considered the issue of inadequacy of counsel only on appeal from post-conviction hearings, but where the defense at trial was so ineffective and counsel's representation so casual that the trial record evidences a manifest usurpation of appellant's constitutional rights, the claim of ineffective assistance of counsel will be reviewed on direct appeal. (Citation omitted.)

There is, therefore, a historic case law exception.

The Habeas Corpus Act, SDCL ch. 21–27, was amended by 1983 S.D.Sess.Laws ch. 169, §§ 1–14, inclusive. Under these amendments, the issue of ineffective assistance of counsel can directly be brought before a circuit court for hearing. A record can be then made and a ruling be had thereon. If necessary, an appeal may flow therefrom. SDCL 21–27–1; SDCL 21–27–14.1. I do not consider this an exclusive remedy and if there are egregious cases of noneffective assistance of counsel, I do not wish to see this Court defer the matter to the circuit courts of this state. We are, in the end, the deciders of constitutional law questions. There can be cases where the appellant's rights were so neglected or unattended to by an attorney that we should speak out and call a spade—a spade.

In this specific case, appellant and his appellate counsel are caught in a period of transition in this state. The notice of appeal was filed on April 28, 1983, and appellate counsel was not appointed until on or about May 26, 1983. The Post-Conviction Procedure Act was repealed by the 1983 Legislature. Appellate counsel, having been appointed, and a notice of appeal having been filed, was in no position, in my opinion, to forsake this appeal and to gamble on a habeas corpus proceeding as a substitute when the latter was in a nebulous stage. Thus, I address the contentions in this appeal and conclude that the Habeas Corpus Act, as amended, although the new preferred route to go, is not the only route where an appellant has suffered a manifest usurpation of constitutional rights resulting from the incompetence of an attorney in a criminal case.

According to the record, it took the jury thirty-seven minutes to deliberate on four felony counts and return a verdict. Appellant was sentenced to serve twelve years for each grand theft conviction and five years for each conviction of possession of a firearm by one with a prior violent crime conviction. These sentences were ordered to be served concurrently. Total sentence: Thirty-four years in the State Penitentiary.

I respect the frankness of this attorney's position before the trial court. Bluntly, she told the court that she had a limited practice of law, limited resources, and questioned her own ability to effectively represent appellant. After the preliminary

hearing, she told appellant (all of this in front of the trial court in open court) that she felt someone else who had experience in criminal law in South Dakota should represent appellant and that one of the reasons was the seriousness of the charges. With reference to the limited resources, she expressed that her limited resources would not avail appellant the best possible defense. This attorney indicated, prior to trial, that she felt her resources would pose a problem in her representation and the ability to spend the necessary time to prepare for trial.

Trial counsel failed (1) to file any motion for discovery, (2) to file notice of an alibi defense, yet tried to bring it in through a witness to question the credibility of a State witness, (3) to make a motion to sever the charges which resulted in a prior felony conviction being paraded before the jury when appellant had elected not to take the stand, (4) to interview witnesses endorsed on the information because she had received a letter just one week before the trial notifying her of these additional witnesses because *she had not had an opportunity to communicate with the witnesses* (emphasis mine), (5) to sequester the State's witnesses making it possible for the Sheriff to remain in the courtroom during the trial and to then be called as a witness to establish the consistency of the State's witnesses, (6) to object to the State's request to declare three witnesses as "hostile witnesses" when there was absolutely no showing that these witnesses were hostile, but rather, were friendly to the State, (7) by a repeated failure to make any objections to highly damaging evidence to appellant's defense, (8) to object to the Sheriff's testimony concerning the operability of the guns in question (Sheriff fired same on the second day of trial even though this matter was not in dispute and was called to the witness stand to dramatize that guns would fire), (9) to move the court for a directed verdict relative to noncorroborative evidence of the three DuMarces; this was at least a fact question as to whether they were accomplices, see *State v. Dominiack*, 334 N.W.2d 51 (S.D.1983), (10) with

respect to the latter, failed to move for a judgment of acquittal upon the same grounds, (11) to prevent the destruction of the credibility of a witness called on behalf of appellant by failing to object to the State cross-examining this witness on misdemeanors that the witness had been convicted of, and (12) to propose any jury instructions on behalf of appellant and further failed to object to numerous jury instructions which were highly damaging to appellant and which contained many errors of law; most specifically, court's instruction no. 11 contained language which shifted the burden of proof from the State to the accused. It was an instruction dealing with the "natural, probable, and usual consequences" language which had been condemned in the United States and recently in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). In reviewing these instructions, it is noted that the cover sheet should have been objected to for it contained an instruction which omitted a material element of the offense. Surely, trial counsel should have suggested to the trial court that an instruction of some kind should have been given to the jury concerning the accused's right not to testify.

Writing for this Court in *State v. McBride*, 296 N.W.2d at 555, we expressed that "[a]ll men charged with crimes are entitled to complete equality at law ...." You cannot have that equality unless you have a fair trial. Further, in *McBride*, this Court tried to convey the thought that a trial must be viewed as a whole. Each act of omission or commission must be viewed cumulatively so that the composite conclusion is sound. You cannot compartmentalize the effectiveness of an attorney in a trial. His overall performance is either effective or it is not. Not second-guessing this attorney, who openly and frankly confessed inexperience, lack of resources, and time, I simply must conclude that appellant did not receive the constitutional requirement of effective assistance of counsel. This lawyer did not competently prepare and try this criminal case and the overall

performance was not within the range of competence demanded by attorneys in criminal cases. Hence, the incompetence was so egregious that this Court should, without benefit of an application of a writ of habeas corpus, rule thereupon. Accordingly, I join the majority.