**Willie WILLIAMS, III, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent and Appellee.**

**No. 14364.**

Supreme Court of South Dakota.

Argued March 19, 1984.

Decided May 29, 1984.

Rehearing Denied July 24, 1984.

Debra D. Watson, Wallahan Law Offices, Rapid City, for petitioner and appellant.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

FOSHEIM, Chief Justice.

Willie Williams, III, appeals a denial of post-conviction relief on his conviction of first degree rape. Affirmed as modified.

Appellant was charged with raping two women. As the result of a plea bargain, he pleaded guilty to one charge. The other was dismissed. The trial court sentenced him to fifteen years in the state penitentiary.

The post-conviction petition alleged inadequate assistance of trial counsel and denial of equal protection of the law. These issues are now urged on appeal.

We examine the incompetence issue from the perspective that an attorney is presumed competent and the party alleging incompetency has a heavy burden of establishing inadequate assistance of counsel. *State v. Tchida*, 347 N.W.2d 338 (S.D. 1984); *Grooms v. State*, 320 N.W.2d 149 (S.D.1982); *State v. McBride*, 296 N.W.2d 551 (S.D.1980); *State v. Pieschke*, 262 N.W.2d 40 (S.D.1978). In making this review it is not our function to second-guess the tactical decisions of the trial attorney. We will not substitute our own theoretical judgment for that of appellant's defense counsel. *Tchida*, 347 N.W.2d 338; *Grooms*, 320 N.W.2d 149.

Many of appellant's incompetence claims can be summarily dispatched because they either concern matters which are within the discretion of the attorney or for which prejudice to the defense is not manifest. Ineffective counsel must be demonstrated by acts or omissions which cause actual prejudice to the defense. *Tchida*, 347 N.W.2d 338; *Pieschke*, 262 N.W.2d 40. The two court-appointed trial counsel did not introduce motions to suppress various evidence. Appellant could not be prejudiced by the absence of such motions, since the case did not go to trial. Likewise, prejudice is not evident by counsels' failure to arrange an identification lineup at Williams' request. He was convicted on his plea of guilty, not a jury verdict.

The core of his inadequate assistance allegation is that his two court-appointed counsel were unprepared for trial. They repeatedly attempted to persuade him to accept the State's plea bargain offer. He maintains that he pleaded guilty when their apparent lack of preparation left him no choice.

 The post conviction court was presented with the fact that one of appellant's trial counsel destroyed his work product when he left the Rapid City Public Defender's office. This was a routine procedure which occurred before the petition for post-conviction relief was filed. The post-conviction court found that the destruction was not an attempt to remove evidence and did not constitute tampering with the files. It did, however, render impossible a precise assessment of defense counsels' preparation. We cannot, however, speculate that the work product records would reveal unpreparedness, given the presumed competence of counsel. The post-conviction court found there was no evidence showing that the destroyed work product notes would have benefited appellant. We will not disturb the findings of that court unless clearly erroneous. *Gregory v. State*, 325 N.W.2d 297 (S.D. 1982). We cannot conclude that finding was clearly erroneous. Absence of documentation alone does not rise to the level of establishing ineffective assistance of counsel. *See Crowe v. State*, 86 S.D. 264, n. 1, 194 N.W.2d 234, n. 1 (1972).

 The record reveals the public defender's office spent over one hundred seventeen hours out of court and in excess of sixteen hours in court on behalf of appellant in connection with both charges. The post-conviction court found that the main assigned counsel "expended a considerable amount of time on [appellant's] case, and utilized his own best judgment in making decisions whether certain defenses should be utilized, whether to interview or subpoena potential defense witnesses, and whether to make any pre-plea motions on behalf of [appellant]." We likewise cannot conclude that finding was clearly erroneous.

In support of his contention of unpreparedness, appellant notes that the main defense counsel admitted to being less than

well prepared at the initial bail review hearing. It is further charged that the main counsel did very little to prepare for the preliminary hearing. He did not investigate whether the victim had a prior criminal record or a history of drug usage, nor did he examine her employment records or prior sexual conduct.\* He did not contact all the individuals listed on the information as potential State witnesses at trial. He conceded he did no independent investigation and relied primarily on the police reports. He issued no subpoenas compelling witnesses to testify on Williams' behalf at trial. His preparation consisted primarily of obtaining and reviewing discovery materials provided by the State, consulting with Williams and visiting two witnesses who volunteered to testify on his behalf.

 Although these circumstances cumulatively suggest that counsel was less than well-prepared for trial, we cannot consider them as evidence per se of ineffective assistance of counsel. Because the matter did not go to trial, any ill-preparedness for trial cannot, in and of itself, be deemed to have prejudiced appellant. We cannot presume that whatever state of unpreparedness may have existed when the plea bargain was struck would have continued into a trial. This evidence is relevant to our review only as it concerns Williams' argument that his perception of ill-preparedness on the part of counsel coerced his guilty plea.

In numerous meetings with appellant, defense counsel advised him to accept the plea bargain offer. They noted that if both rape charges went to trial he would expose himself to consecutive maximum sentences of fifty years. If he pleaded guilty to one charge, the maximum penalty could not exceed twenty-five years. Defense counsel maintained that appellant would likely receive less than the maximum sentence and possibly probation because of his clean record.

 We cannot conclude this advice was against appellant's best interest. Our usual test of competency is whether defense counsel exercised the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *State v. Tchida*, 347

---

\* Whether evidence of prior sexual conduct, if any, might have been admissible is questiona-

ble. *See* SDCL 23A–22–15.

N.W.2d 338; *High Elk v. State*, 344 N.W.2d 497 (S.D.1984); *United States v. Easter*, 539 F.2d 663 (8th Cir.1976). Where a matter does not go to trial there is an increased burden to show ineffective assistance of counsel. In order to invalidate a guilty plea, appellant must show gross error on the part of counsel in recommending that he plead guilty. *Long v. Brewer*, 667 F.2d 742 (8th Cir.1982); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

■ This standard is consonant with our law regarding withdrawal of guilty pleas. When a defendant moves to withdraw his guilty plea after sentence has been imposed, the trial judge will set aside the judgment of conviction and permit defendant to withdraw his plea only to correct manifest injustice. SDCL 23A–27–11. The purpose of this stringent standard is "to prevent a defendant from testing the weight of potential punishment, and then withdrawing the plea if he finds the sentence unexpectedly severe." *State v. Lohnes*, 344 N.W.2d 686, 688 (S.D.1984); *United States v. McKoy*, 645 F.2d 1037, 1040 n. 3 (D.C.Cir.1981).

■ From his study of police records and interviews, counsel apparently concluded that a conviction was likely, despite appellant's protestations of innocence. We are not convinced that counsel's perception of the acquittal odds was incorrect. Having formed such a conclusion, defense counsel committed no error in telling this to his client and recommending that he plead guilty in the hope of lenient sentence. Had counsel earnestly prepared for trial and appellant was found guilty of both rape cases with consecutive sentences, we might then be reviewing a claim of incompetency because counsel erroneously did not strongly urge a plea bargain.

More than twelve hours expired from the time appellant decided to plead guilty and did in fact enter his plea. This gave him time to reflect and reconsider his action. At the plea hearing he admitted the essential facts of the rape to which he was pleading guilty. Nine days later, at the mitigation and sentencing hearing, appellant again admitted the facts of the rape and persisted in his guilty plea. We do not perceive this as a coerced plea. *Cf. Application of Roberts*, 86 S.D. 672, 200 N.W.2d 625 (1972).

■ Appellant's last issue is whether he was denied equal protection of the law in receiving a fifteen year sentence when a partner in crime received only seven years. Appellant did have an otherwise clean record. The other rapist had been in trouble as a juvenile. The court determined however, that appellant was the leader and the other rapist a follower. Williams alone forced the victim to commit aggravated sex acts. The guilty pleas were entered under different plea bargain arrangements. Sentencing is discretionary, and the post-conviction court found no abuse in the disparities. We cannot say the post-conviction court was clearly erroneous.

Appellant served fifty-six days in the Pennington County Jail, due to his indigency, while awaiting disposition of the charges against him. The sentence omitted any credit for that time served. In *State v. Lohnes*, 266 N.W.2d 109, 113 (S.D. 1978), we noted that 'the Fourteenth Amendment equal protection clause requires that credit be given for all pre-sentence custody resulting from indigency.' "

■ On remand the judgment should be modified to allow appellant credit for the fifty-six days he spent in jail as an indigent awaiting trial.

As so modified, the judgment is affirmed.

All the Justices concur.