STATE of South Dakota, Plaintiff
and Appellee,

v.

Steven V. ALIBERTI, Defendant
and Appellant.

No. 15218.

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1987.

Decided March 4, 1987.

Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Scott D. McGregor, Bettmann & Feehan, Rapid City, for defendant and appellant.

SABERS, Justice.

### Action

Steven V. Aliberti (Aliberti), appeals a conviction by the trial court for aggravated assault after he waived his right to a trial by jury. We affirm.

### Facts

After a day of chopping wood and drinking, Aliberti returned to the store and home occupied by the Aliberti family near Hill City, South Dakota. Following a quarrel with several family members, Aliberti physically attacked his sister who struck him on the head with a length of pipe in self-defense. Aliberti then threatened to burn down the store in which the family lived. Aliberti's sister called the sheriff for help after Aliberti cut off the power and lights to the store and home. As the officers arrived on the scene, Aliberti walked away and proceeded up a hill. One of the deputies followed him and told Aliberti that he wanted to talk with him. Aliberti swung around and struck the officer in the head with his fist.

Aliberti was charged with aggravated assault, a violation of SDCL 22-18-1.1(3). Just prior to the start of the scheduled jury trial, Aliberti requested that the case be tried to the court rather than a jury. This discussion followed:

THE COURT: ... Now, as I understand it, Mr. Aliberti has decided that he does not wish to have a jury trial, he wants to

waive the jury trial and proceed to try this case to the Court; is that correct?

ALIBERTI'S COUNSEL: Is that correct, Steve?

ALIBERTI: Yes.

THE COURT: Mr. Aliberti, at the last Arraignment on this matter I explained to you your rights, specifically your right to have a jury trial before 12 people from this community to try your case. That is your absolute constitutional right, guaranteed to you by the United States Constitution and the Constitution of the State of South Dakota. Do you understand that is your right, to have a jury try your case?

ALIBERTI: Yes, sir.

THE COURT: And knowing that it is your absolute right and knowing that you do not have to waive that right, do you still wish to waive the jury trial and try this case to the Court?

ALIBERTI: Yes, sir.

THE COURT: All right, I received a written waiver signed by Mr. Aliberti, which I will file with the record. Is the State ready to proceed?

PROSECUTOR: It is, Your Honor.

THE COURT: Is the defendant ready to proceed?

ALIBERTI'S COUNSEL: Yes, Your Honor.

THE COURT: The State may proceed.

PROSECUTOR: Yes, Your Honor. First of all, the State would appreciate an opportunity to make just a brief record concerning the waiver of jury trial and say that the State has made absolutely no promises concerning the waiver and, in fact, had no knowledge that there was

going to be a waiver until [counsel] approached me with the idea yesterday in my office.

The written waiver referred to by the trial court was not made a part of the settled record. Based on this discussion, Aliberti contends that he was denied his constitutional right to trial by jury.

### Aliberti's Claims

Aliberti claims that his waiver of the right to a jury trial was invalid because it did not meet the requirements of SDCL 23A–18–1. He further asserts that he was denied the effective assistance of counsel. Finally, Aliberti claims that he is entitled to a new trial.

1. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ACCEPTING THE WAIVER OF TRIAL BY JURY

Prior to the 1978 enactment of SDCL 23A–18–1, we stated that an accused in every criminal prosecution may waive his constitutional right to trial by jury.[1] *See:* 1978 S.D. Sess. Laws 178, § 230. *State v. Thwing,* 84 S.D. 391, 397, 172 N.W.2d 277, 280 (1969). SDCL 23A–18–1 provides:

Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing or orally on the record with the approval of the court and the consent of the prosecuting attorney.

Aliberti argues that there was no express statement of approval by the trial court nor consent by the prosecutor; therefore, the statutory requirements were not met and his waiver of the right to trial by jury was invalid.

---

1. Trial by jury is fundamental to American criminal jurisprudence. *See: Duncan v. Louisiana,* 391 U.S. 145,149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491, *reh. denied* 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412 (1968). The constitutional guarantees to trial by jury in a criminal action are embodied in the Sixth Amendment to the United States Constitution and Article VI, Sections 6 and 7 of the South Dakota Constitu-

tion. The purpose of the jury trial is to prevent governmental oppression and arbitrary law enforcement. *Duncan, supra.* This protection creates a great societal interest in having criminal trials conducted before juries. *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930). In light of the public's great interest in jury trials, criminal defendants can-

This is the first time this court has construed SDCL 23A–18–1. Our statute's federal[2] counterpart provides:

Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government.

Fed.R.Crim.P. 23(a). The distinguishing feature between the two statutes is that under Rule 23(a) the waiver must be in writing, whereas under SDCL 23A–18–1 the waiver can be in writing or made orally on the record.

■ Jury trial waivers are not effective unless the government attorney consents and the trial court approves the waiver. *Martin*, 704 F.2d at 271–272. In *United States v. Radford*, 452 F.2d 332 (7th Cir. 1971), the defendant contended that the government's failure to sign the waiver form, thus giving its "consent" to the waiver, caused it to be invalid. *Id.* at 335. The court responded that the defendant misapprehended the purpose behind Rule 23(a) and wrote:

The requirement of government consent serves only to protect the government's right to a jury trial, and where, as here, the government does not complain of the waiver, the defendant cannot repudiate his signed waiver by asserting the

[government attorney's] nonsigning as a defect.

*Id.*

The court in *United States v. Saadya*, 750 F.2d 1419 (9th Cir.1985), stated that the district court's granting its approval of the jury trial waiver is a serious and weighty responsibility that requires the exercise of sound discretion by the district judge. *Id.* at 1421. The court wrote:

'[T]he duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial.'

*Id. quoting Patton*, 281 U.S. at 312–313, 50 S.Ct. at 263, 74 L.Ed. at 870.

■ With these authorities in mind, we find that the requirements set forth in 23A–18–1 were satisfied and that Aliberti waived his right to a jury trial voluntarily, knowingly, intelligently, and with full knowledge of the relevant circumstances and likely consequences. *See: Jones v. State*, 353 N.W.2d 781, 783 (S.D.1984). A review of the transcripts of the arraignment and the discussion referred to above convinces us that the trial court performed its duty to protect Aliberti's due process rights by explaining the benefits of a jury trial; "the constitutionally preferred meth-

---

not waive their right to trial by jury except under certain conditions. *Id.*

2. In *United States v. Cochran*, 770 F.2d 850 (9th Cir.1985), the court stated that compliance with the requirements of Rule 23(a), creates a presumption that the waiver is a voluntary, knowing and intelligent one. *Id.* at 851. In *Cochran*, the appellant argued that trial courts should personally interrogate criminal defendants in a manner which allows the judge to clearly determine whether the voluntary, knowing and intelligent requirement is satisfied. *Id.* The court stated that the failure of a district judge to conduct such an interrogation does not violate either the Constitution nor does it require reversal. *Id.*

In *United States v. Martin*, 704 F.2d 267 (6th Cir.1983), the court recognized that there is no constitutional requirement that a court conduct an on the record colloquy with the defendant prior to the jury trial waiver. *Id.* at 274. However, the court suggested that

[a]t a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he may participate in the selection of jurors, the verdict of the jury must be unanimous, and that a judge alone will decide guilt or innocence should he waive his jury trial right.

*Id.* at 274–275. In short, the *Martin* opinion urged the district courts to personally inform each defendant of the benefits and burdens of jury trials on the record prior to accepting a waiver. *Id.* at 274. *See also: Cochran*, 770 F.2d at 852–853; *United States v. Delgado*, 635 F.2d 889 (7th Cir.1981). *C.f., United States v. Anderson*, 704 F.2d 117, 119 (3rd Cir.), *cert. denied*, 464 U.S. 838, 104 S.Ct. 129, 78 L.Ed.2d 125 (1983) and *United States v. Systems Architects, Inc.*, 757 F.2d 373, 375 (1st Cir.), *cert. denied*, — U.S. ——, 106 S.Ct. 139, 88 L.Ed.2d 115 (1985), in which the courts recognized, respectively, that Rule 23(a) requires only a written statement and not an oral colloquy.

od of disposing of a criminal case." *Martin,* 704 F.2d at 272.

The prosecutor's failure to object or complain demonstrated his implicit consent to Aliberti's waiver. Likewise, the trial judge's statements during the discussion with Aliberti as well as his stated intent to file the written waiver with the record persuades us that the trial court approved the jury trial waiver. Although the words "consent" and "approval" may be used, the failure to use them expressly is not reversible error where the record shows approval by the court and consent to the waiver by the prosecutor.

We find no abuse of discretion in the procedure followed for accepting Aliberti's waiver of a trial by jury.

## 2. ABSENT PLAIN ERROR,[3] THIS COURT WILL NOT CONSIDER INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS ON DIRECT APPEAL

This court has often held that claims of ineffective assistance of counsel will not ordinarily be considered on direct appeal. The preferable means to consider incompetent counsel claims is through habeas corpus proceedings. *See: e.g., State v. Hammond,* 357 N.W.2d 278 (S.D.1984); *State v. Tchida,* 347 N.W.2d 338 (S.D.1984); *State v. Iron Shell,* 336 N.W.2d 372 (S.D. 1983); *State v. Phipps,* 318 N.W.2d 128 (S.D.1982); *State v. McBride,* 296 N.W.2d 551 (S.D.1980). There are many reasons for this rule including the fact that the attorney accused of incompetence is then provided an opportunity to defend his or her actions. An exception to the rule exists where representation at trial was so "ineffective and counsel's representation so casual that the trial record evidences a manifest usurpation of appellant's constitutional rights[.]" *Phipps,* 318 N.W.2d at 131.

We have examined the record and find that Aliberti's claims of ineffective assistance of counsel do not rise to the level of plain error. *See: Hammond,* 357 N.W.2d at 281. Accordingly, we decline to further consider the merits, or lack thereof, of the ineffective assistance of counsel claims.

## 3. ALIBERTI IS NOT ENTITLED TO A NEW TRIAL

Aliberti grounds his request for a new trial upon the trial court's failure to follow the statutory requirements of SDCL 23A–18–1, for waiver of a trial by jury. He claims that this "irregularity" in the proceedings prevented him from receiving a fair trial. *See:* 15–6–59(a)(1). However, our disposition of issue one renders further consideration of this matter unnecessary.

The judgment is affirmed.

All the Justices concur.

---

3. Perhaps a more descriptive term would be "substantial constitutional error."