STATE of South Dakota, Plaintiff and Appellee,

v.

Douglas Jay VAN ROEKEL, Defendant and Appellant.

No. 17313.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1991.

Decided July 10, 1991.

Jeffrey P. Hallem, Asst. Atty. Gen., Mark Barnett Atty. Gen., on the brief, Pierre, for plaintiff and appellee.

Drake A. Titze and Cynthia Howard Public Defender's Office, Sioux Falls, for defendant and appellant.

AMUNDSON, Justice.

Douglas J. Van Roekel (Van Roekel) appeals from a judgment entered pursuant to a jury verdict convicting him of attempted rape in the first degree and burglary in the first degree. We affirm.

## FACTS

On February 3, 1990, Mrs. Dawn Carter (Carter) was working as a supervisor in a Sioux Falls department store. On that date, Carter was six months pregnant. Shortly before 10 p.m. on that night, Van Roekel entered the department store and went over to the pantyhose area. When Carter asked Van Roekel if he needed help, he said he was looking for some pantyhose for his girl friend. After showing Van Roekel a couple items, Carter directed a sales clerk to assist him. A short time later, Van Roekel left the store, and it was then closed. Carter and the department coordinator then left the department store at approximately 10:15 p.m. Upon reaching the parking lot, the two women separated to their respective vehicles.

Van Roekel was in his vehicle in the parking lot and observed Mrs. Carter and her co-worker walk to their cars. At this time, Van Roekel had removed his pants and was wearing only a shirt and, according to him, underwear and pantyhose. Van Roekel is a "cross-dresser" who has been attracted to women's pantyhose and nylons since adolescence. Carter got into her car, was behind the steering wheel and reaching for her keys when Van Roekel ap-

peared at her open door. According to Carter, Van Roekel pushed her down across the front seat of the car and used his arm to hold her down. He then put his hand up her maternity dress and attempted to pull her pantyhose down. She tried to scream and sit up to see if anyone could hear her. Twice she told Van Roekel that she was pregnant. He then backed away from her saying, "I'm sorry. I just wanted to touch your leg." Van Roekel then fled.

According to Van Roekel, when he approached Carter's car, he simply reached in and rubbed her left leg with his left hand. After he started to rub Carter's leg, she screamed "Don't hurt me, I'm pregnant." Van Roekel testified that he then looked at her and said "I won't hurt you. I just want to rub your leg." According to him, he never rubbed Carter's leg above the knee.

On February 15, 1990, a grand jury indicted Van Roekel on the charge of attempted rape in the first degree, and he was arraigned on February 20, 1990. Subsequently, the grand jury was reconvened and a second indictment was returned on May 17, 1990, indicting Van Roekel on the charges of attempted rape in the first degree and burglary in the first degree. He was arraigned on the second indictment on May 23, 1990. At both arraignments, Van Roekel was advised of his right to a trial by court or jury, and the effect of the waivers of those rights. On the scheduled trial date, Van Roekel filed a number of motions with the trial court, among them a motion to waive his right to a jury trial, an affidavit in support thereof, a motion to dismiss Count II of the indictment, and other motions which are not relevant to this appeal. State refused to consent to a waiver of the jury trial, and the trial court denied Van Roekel's request for a court trial. On the next day, immediately prior to jury selection, the trial court denied Van Roekel's motion to dismiss Count II of the indictment.

On June 27 and 29, 1990, the case was tried to a jury. On June 29, 1990, the jury returned guilty verdicts on both the charge of attempted rape in the first degree and

burglary in the first degree. From the judgment of conviction and sentence, Van Roekel appeals.

## ISSUES

1. Did the trial court err in denying Van Roekel's waiver of jury trial?
2. Did the trial court err in denying Van Roekel's motion to dismiss the burglary charge?
3. Was there sufficient evidence presented to the jury to enable it to convict Van Roekel of either felony charge?

## ANALYSIS

■ Van Roekel contends he was denied a fair trial because he was forced to try his case to a jury, and because in this case, it was impossible for a jury to be impartial. In particular, Van Roekel contends a jury could not be impartial because he laughs at inappropriate times, dresses in women's clothing, and because he approached the victim while either naked below the waist or while wearing pantyhose. He contends these facts are only marginally relevant to his case and there is a very high likelihood a lay jury would be frightened by these traits and would want to find him guilty because of them. Van Roekel also contends the trial court would have granted his waiver of a jury trial had it not been for State's opposition to his motion.

The pertinent rule is defined by SDCL 23A–18–1:

Cases required to be tried by a jury shall be so tried unless the defendant waives a jury trial in writing or orally on the record with the approval of the court and the consent of the prosecuting attorney.

This statute is substantially similar to Rule 23(a) of the Federal Rules of Criminal Procedure. *Singer v. United States*, 380 U.S. 24, 25, 85 S.Ct. 783, 784, 13 L.Ed.2d 630, 632 (1965). *See State v. Thwing*, 84 S.D. 391, 172 N.W.2d 277 (1969). We have previously followed the federal decisions on this point and continue to find their authority to be persuasive. *See Thwing*, 84 S.D. at 395–96, 172 N.W.2d at 279. *Cf. First*

*Western Bank v. Livestock Yards Co.*, 466 N.W.2d 853 (S.D.1991) (applying reasoning of federal decisions on entitlement to jury trial in equitable actions to State requirements). Under SDCL 23A–18–1, we have held that a waiver by defendant of his right to a jury trial is not effective unless the prosecution consents to the waiver and the trial court approves it. *State v. Aliberti*, 401 N.W.2d 729, 731 (S.D.1987).

■ The substance of this requirement was explained in *Singer:*

A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him [or her]. The Constitution recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

380 U.S. at 36, 85 S.Ct. at 790, 13 L.Ed.2d at 638. *See Thwing*, 84 S.D. at 395–96, 172 N.W.2d at 279. Further, neither SDCL 23A–18–1 nor Fed.R.Crim.Proc. 23(a) requires a preliminary showing that the prosecutor's denial is in good faith or that the government state its reasons for demanding a jury trial at the time it refuses to consent to a defendant's attempted waiver. *Singer*, 380 U.S. at 37, 85 S.Ct. at 791, 13 L.Ed.2d at 639.

In *Singer* the court refused to address whether "there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistance (sic) on trial by jury would result in the denial to a defendant of an impartial trial." *Id.* at 37, 85 S.Ct. at 791, 13 L.Ed.2d at 639. Accordingly, the Court did not define what unusual circumstances might

be so compelling as to require a bench trial, but pointed out the safeguards of the jury trial designed to ensure a fair trial:

> As with any mode that might be devised to determine guilt, trial by jury has its weaknesses and the potential for misuse. However, the mode itself has been surrounded with safeguards to make it as fair as possible—for example, venue can be changed when there is a well-grounded fear of jury prejudice, Rule 21(a) of the Federal Rules of Criminal Procedure, and prospective jurors are subject to *voir dire* examination, to challenge for cause, and to peremptory challenge, Rule 24(a) and (b).

380 U.S. at 35, 85 S.Ct. at 790, 13 L.Ed.2d at 638.

Van Roekel asserts State refused to consent because the prosecutor felt he had a better chance to obtain a conviction at a jury trial, as opposed to a trial to the court, and this is an improper motive. We are unpersuaded that State's desire to obtain a conviction was an improper motive such that the withholding of the prosecutor's consent should have been disregarded by the trial court under the particular circumstances of this case. We recognize that both parties have an interest in obtaining the forum which they feel is most favorable to their case. However, the *Singer* Court expressly recognized that the government "has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result." 380 U.S. at 36, 85 S.Ct. at 790, 13 L.Ed.2d at 638. While there may be cases in which a prosecutor's refusal to consent to a defendant's waiver of a jury trial should be disregarded because it would have the effect of denying a defendant a fair and impartial jury, such is not the case on this record.

■ Furthermore, the facts which Van Roekel contends establish a fair and impartial jury could not be found are not of the nature and quality of those anticipated by the *Singer* court which evidence would have to show it would be impossible or unlikely he could receive an impartial jury trial. Van Roekel points to four facts which he contends establish a fair and impartial jury could not be had. They are: (1) he has an uncontrollable habit of smiling or laughing at inappropriate times [1]; (2) he suffers from mental disorders which render a "paraphilia-transvestite fetishism," (i.e. cross-dressing); (3) he is alleged to have approached the victim while unclothed below the waist; and (4) the primary issues in the case are legal, not factual. Van Roekel has failed to demonstrate he was unable through the process of voir dire to exclude potential jurors who might bear hostility or bias toward him because of his socially unacceptable behavior.[2] Van Roekel does not allege that any individual juror, or the jury panel as a whole, was unable to render a fair and impartial verdict for any of these four stated reasons. *See State v. Blue Thunder,* 466 N.W.2d 613 (S.D.1991) (Henderson, J., dissenting). Van Roekel's only allegation of actual prejudice is that "based on his personal shortcomings, which were brought out to the jury at trial, the verdict outcome was preordained even though the facts and law, if applied by a learned and unbiased judge, would have created a different result." The facts which Van Roekel has alleged here are not sufficient to establish the "passion, prejudice and public feeling" to which the Supreme Court was referring as possibly sufficient to override a prosecutor's objection to a defendant's waiver of a jury trial in *Singer.* Based on this record, there is no evidence the jury was not impartial or Van Roekel did not receive a fair

---

**1.** Van Roekel has referred to no part of the trial record which reflects uncontrollable smiling or laughing by him during the actual trial proceedings.

**2.** Van Roekel did not have the voir dire proceedings transcribed, and thus we cannot evaluate whether these were issues upon which potential jurors were questioned or whether the voir dire showed counsel's conclusory statements as to the whether the alleged traits of Van Roekel, or the nature of the case, did in fact impact the potential jurors.

trial. Absent an inability to obtain a fair and impartial jury, the trial court properly accepted the prosecutor's refusal to consent, and accordingly was required to deny Van Roekel's waiver of his right to a jury trial pursuant to SDCL 23A–18–1 [3].

We have considered the remaining issues raised by Van Roekel's appeal and conclude that they are controlled by settled law and

without merit. Accordingly, the decision of the trial court is affirmed in all respects.

MILLER, C.J., and WUEST, HENDERSON, and SABERS, JJ., concur.

[3]. In *Singer* the court also held as follows: "The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon

the opposite of that right." 380 U.S. at 34–35, 85 S.Ct. at 790, 13 L.Ed.2d at 638.