**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Kelly Lee JETT, Defendant and Appellant.**

**Nos. 17268, 17269.**

Supreme Court of South Dakota.

Considered on Briefs March 21, 1991.

Decided Aug. 28, 1991.

Roger A. Tellinghuisen, Atty. Gen., Craig M. Eichstadt, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Jean M. Cline, Bettmann, Feehan & Cline, Rapid City, for defendant and appellant.

## PER CURIAM.

Kelly Lee Jett (Jett) appeals from an amended judgment of conviction for aggravated assault on a law enforcement officer. We affirm.

### FACTS

Jett is a diagnosed schizophrenic. He was charged with assaulting a correction officer while in the Pennington County Jail on a separate charge. The trial court appointed the Pennington County public defender's office to represent him.

On January 10, 1990, State filed a motion for authority to administer medication to Jett while confined in the Pennington County Jail. A physician prescribed the medi-cation to moderate Jett's psychological behavior. The record does not reflect if the trial court granted or denied this motion.

On January 31, 1990, Jett requested a psychological evaluation. After a psychological examination and a hearing, on March 28, 1990 the trial court entered an order committing Jett to the custody and treatment of the Human Services Center.

On April 9, 1990, the trial court granted Jett's request for a psychiatric examination. On May 16, 1990, Dr. R.B. Somepalli, a psychiatrist at the Human Services Center, signed a certificate of recovery (pursuant to SDCL 23A–10A–4.1), in which he concluded that Jett had recovered to the extent that he was able to understand the nature and consequences of the proceedings against him.

On July 6, 1990, while represented by two public defenders, Jett pleaded guilty but mentally ill to aggravated assault. The trial court committed Jett to the Human Services Center for continued hospitalization, care and treatment until his recovery, but not to exceed five years. It also ordered that Jett was subject to further sentencing upon recovery from his mental illness.

On July 20, 1990, Dr. Soa Yuc Lee, a psychiatrist at the Human Services Center, signed a certificate of recovery stating that Jett "has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment at this facility." On July 31, 1990, the trial court sentenced Jett to five years in the state penitentiary. Jett filed a notice of appeal on August 8, 1990. The trial court entered a second amended judgment on August 20, 1990. Jett filed an amended notice of appeal on August 22, 1990. On August 27, 1990, the trial court appointed present counsel to represent Jett on appeal.[1]

### ANALYSIS

The only issue in this appeal is: Did Jett receive ineffective assistance of

---

1. Present counsel did not represent Jett in the proceedings below.

counsel?[2] Ineffective assistance claims will be allowed on direct appeal only when the representation was "so casual that the trial record evidences a manifest usurpation of appellant's constitutional rights." *State v. Wurtz*, 436 N.W.2d 839 (S.D.1989); *State v. Aliberti*, 401 N.W.2d 729 (S.D.1987); *State v. Hammond*, 357 N.W.2d 278, 279 (S.D.1984).[3] We have consistently expressed that we prefer to consider claims of ineffective assistance of counsel in habeas corpus proceedings because the attorney accused of incompetence has the opportunity to explain his actions. *Aliberti*, 401 N.W.2d at 732. Moreover, it is only through habeas corpus that a sufficient record can be made to allow the appropriate review. *State v. Schulz*, 409 N.W.2d 655, 660 (S.D.1987).

Jett contends that his trial counsel committed "plain error" by failing to seek an evidentiary hearing to challenge the certificate of recovery issued 14 days after his plea of guilty but mentally ill. Jett was statutorily entitled to request such a hearing. SDCL 23A–46–3. Jett's counsel appeared at the sentencing and argued for leniency but did not request a hearing on Jett's mental condition. Jett also vaguely alleges that he did not receive effective assistance of counsel because of several changes of defense counsel in the trial court proceeding.

Jett's argument shows the difficulty of resolving an ineffective assistance claim on direct appeal. An attorney is presumed competent and the party alleging incompetency has a heavy burden to establish inadequate assistance of counsel.

*State v. Walker*, 287 N.W.2d 705 (S.D.1980); *Williams v. State*, 349 N.W.2d 58 (S.D.1984). Jett has the burden of showing a *material prejudice* because of counsel's failure to insist upon a hearing on the certificate of recovery. *Williams*, 349 N.W.2d at 60. The record does not reveal when Jett initially began to receive medication. We do not know the public defender's reasons for not requesting a hearing. We have thoroughly reviewed the settled record and cannot say, based on the present state of the record on direct appeal, that Jett's representation was "so casual" as to "evidence a manifest usurpation" of Jett's constitutional rights thereby triggering the "plain error" rule.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.

---

**2.** Justices Henderson and Sabers have previously objected to the constitutionality of the guilty but mentally ill plea. *See State v. Robinson*, 399 N.W.2d 324, 327 (S.D.1987) (Henderson and Sabers, J.J., concurring in part and dissenting in part); *Robinson v. Solem*, 432 N.W.2d 246, 252 (S.D.1988) (Henderson, J., dissenting); *Robinson v. Solem*, 432 N.W.2d at 251 (Sabers, J. concurring in result in part and dissenting in part). In this case we are not called upon to address the constitutionality of the guilty but mentally ill plea.

**3.** This Court has adopted the following two-part test for evaluating ineffective assistance of counsel claims:

First, ... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, ... that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Wurtz*, 436 N.W.2d at 841–42 *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).