STATE of South Dakota, Plaintiff
and Appellee,

v.

Neal M. PETERSEN, Defendant
and Appellant.

No. 18414.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1994.

Decided April 27, 1994.

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Ramon A. Roubideaux, Rapid City, for defendant and appellant.

SABERS, Justice.

Defendant found guilty of Sexual Contact Without Consent With Person Capable of Consenting appeals alleging trial court erred in denying his Motion for Change of Venue and eight claims of ineffective assistance of counsel. We affirm the trial court's denial of Motion for Change of Venue but decline to consider Defendant's ineffective assistance of counsel claims on direct appeal.

## FACTS

On December 31, 1992, a Complaint was filed charging Neal Petersen (Petersen) with the offense of Sexual Contact Without Consent With Person Capable of Consenting in violation of SDCL 22–22–7.4.[1] According to the Complaint, on August 27, 1992, Petersen wrongfully, unlawfully, and knowingly engaged in sexual contact with another person other than his spouse, namely C.H., who, although capable of consenting, had not consented to such contact.[2]

Petersen was arraigned on February 18, 1993. The circuit court denied Petersen's Motion to Suppress Tape Recordings of any conversations between himself and C.H. Petersen filed a Motion for Change of Venue on April 19, 1993. Although the record does not appear to reveal when the motion was denied, venue was not changed and a trial was held in Haakon County.

Following a jury trial on April 27, 1993, Petersen was found guilty. He was sentenced to confinement in the Haakon County

---

1. SDCL 22–22–7.4 provides:

   No person fifteen years of age or older may knowingly engage in sexual contact with another person other than his spouse who, although capable of consenting, has not consented to such

   contact. A violation of this section is a Class 1 misdemeanor.

2. According to the facts presented at trial, while C.H. was alone in Petersen's home, Petersen fondled her breasts without her consent.

Jail for one year, with ten months suspended on six conditions, including probation for two years. Petersen was fined $500.00 and assessed costs. Petersen appeals.

### 1. Change of Venue

■ Petersen argues that the trial court erred in not granting his Motion For Change of Venue. According to Petersen's motion, a change of venue was necessary because:

the publicity, gossip, and innuendo in the community concerning the allegations against the Defendant have risen to a level where, in fact, there is prejudice in the minds of the County residents sufficient to raise a reasonable apprehension that the Defendant will not be able to receive a fair and impartial trial in Haakon County. Such prejudice has risen to a level that the Defendant's right to a fair trial as enunciated in the Constitution of the United States, Amendment VI, is in actual jeopardy.

Petersen attached an affidavit, two newspaper articles, and a letter to the editor, in support of his motion.

"The law presumes that a defendant can receive a fair trial in the county in which the offense is committed." *State v. Weatherford,* 416 N.W.2d 47, 50 (S.D.1987) (citations omitted). The burden of establishing the necessity of a change in venue is upon the defendant. *State v. Arguello,* 502 N.W.2d 548, 551 (S.D.1993) (citation omitted). "It shall be granted at the discretion of the trial court and 'we will reverse that decision only for abuse of discretion.'" *Id.* (quoting *State v. Wellner,* 318 N.W.2d 324, 331 (S.D.1982) (citations omitted)).

Petersen has failed to present sufficient evidence to overcome the presumption that he could receive a fair trial in Haakon County. Generalities about small town gossip do not sufficiently support a motion for change of venue. "Pretrial publicity alone is not enough to deny a fair trial or, in other words, to warrant a change in venue. If the jurors were unaware of the pretrial publicity or could not recall it, or if knowledge of the publicity did not cause a prejudicial opinion to be formed, a change of venue [is] unwar-

ranted." *Id.* at 551–52 (citations omitted). In addition, there is no showing that impartial jurors could not be obtained. *See generally Id.* at 552 (defendant failed to demonstrate that five jurors who had heard about the case had formed a prejudicial opinion). Defendant has failed to show any of the factors present in *State v. Smith,* 477 N.W.2d 27, 35–6 (S.D.1991) (Sabers, J., dissenting). We find no abuse of discretion.

### 2. Ineffective Assistance of Counsel

■ Petersen argues, in eight separate issues, that he was denied effective assistance of counsel in violation of his constitutional guarantee of right to counsel.[3] This court has consistently held that, absent plain error or "substantial constitutional error," it will not consider ineffective assistance of counsel claims on direct appeal. "The preferable means to consider incompetent counsel claims is through habeas corpus proceedings." *State v. Aliberti,* 401 N.W.2d 729, 732 (S.D.1987) (citing *State v. Hammond,* 357 N.W.2d 278 (S.D.1984); *State v. Tchida,* 347 N.W.2d 338 (S.D.1984); *State v. Iron Shell,* 336 N.W.2d 372 (S.D.1983); *State v. Phipps,* 318 N.W.2d 128 (S.D.1982); *State v. McBride,* 296 N.W.2d 551 (S.D.1980)). *See State v. Jett,* 474 N.W.2d 741, 743 (S.D.1991) ("Ineffective assistance claims will be allowed on direct appeal only when the representation was so casual that the trial record evidences a manifest usurpation of appellant's constitutional rights."). There are many reasons for this rule including the fact that the attorney accused of incompetence is then provided an opportunity to explain or defend his or her actions. *Id.* at 743 (citing *Aliberti,* 401 N.W.2d at 732). "Moreover, it is only through habeas corpus that a sufficient record can be made to allow the appropriate review." *Jett,* 474 N.W.2d at 743 (citation omitted).

According to Petersen, he was denied effective assistance of counsel because:

1. His attorney failed to adequately present, pursue and perfect his motion for change of venue;

---

3. Appellate counsel was not trial counsel.

2. His attorney failed to present an adequate defense which included C.H.'s consent;

3. His attorney failed to properly object to the introduction of a tape recorded conversation between Petersen and C.H.;

4. His attorney ·failed to call to testify available witnesses who could testify to Petersen's character;

5. His attorney failed to argue parameters should have been set on the ban against C.H.'s past sexual history coming into evidence;

6. His attorney failed to make proper use of cross-examination;

7. His attorney failed to investigate and address the psychological balance of C.H., and

8. The cumulative effect of his attorney's representation exhibited a substandard and casual performance.

An attorney is presumed competent and Petersen, as the party alleging incompetency, has the heavy burden of establishing material prejudice. *Id.* (citing *State v. Walker,* 287 N.W.2d 705 (S.D.1980); *Williams v. State,* 349 N.W.2d 58, 60 (S.D.1984)). We have examined the record and cannot say that Petersen's representation was so casual and perfunctory "as to 'evidence a manifest usurpation' of [Petersen's] constitutional rights thereby triggering the 'plain error' rule." *Id. See State v. McBride,* 296 N.W.2d 551 (S.D.1980). We decline to further consider the merits, or lack thereof, of Petersen's ineffective assistance of counsel claims. *Aliberti,* 401 N.W.2d at 732. We affirm.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

HENDERSON, J., dissents.

HENDERSON, Justice (dissenting).

Although the procedural history is set forth, there is not one fact—not one fact—set forth in this opinion. The only facts, which can be inferred to support this opinion, are found in the second sentence of the FACTS, which begins with "According to the Complaint." This is an allegation only.

State sets forth three and one-half pages of FACTS.

Petersen's brief contains three and one-third pages of FACTS.

Based upon both of said factual recitations, Petersen's counsel presented *nine* ISSUES with a 34–page brief. State answered with *nine* ISSUES, fully briefed, consisting of 30 pages of briefing.

A reader of this opinion, who has not had the benefit of reading the extensive record or these briefs, will never know what this case is all about. How does the Bar and Bench adequately weigh the competing theories when there are no facts *whatsoever* set forth? The answer is: They cannot.

One cannot reflect, weigh, consider, determine, refute or agree with the rationale of a decision where same is written (factually) *in vacuo.*

Protesting this type of academia, where no facts of legal import are shared with the reader, thereby prohibiting a connected system of thought and law declaring a justified meaning, I dissent.